UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SUSAN JONES,

    Plaintiff,

v.                                                                                          Case No: 8:20-cv-2498-JSS

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

## ORDER

Plaintiff, Susan Jones, seeks judicial review of the denial of her claim for disability insurance benefits. As the Administrative Law Judge ("ALJ") failed to apply proper legal standards, the ALJ's decision is reversed and remanded for further proceedings.

## BACKGROUND

### A. Procedural Background

Plaintiff filed an application for disability insurance benefits on April 4, 2016. (Tr. 538–39.) The Commissioner denied Plaintiff's claims both initially and upon reconsideration. (Tr. 164, 183–84, 217–19, 223–27.) Plaintiff then requested an administrative hearing. (Tr. 228–29.) The ALJ held hearings on March 28, 2018 and September 5, 2019. (Tr. 72–149.) Following these hearings, the ALJ issued an unfavorable decision dated September 25, 2019, finding Plaintiff not disabled. (Tr.

185–204.) The Appeals Council vacated the September 25, 2019 decision and remanded Plaintiff's case for further review by the ALJ. (Tr. 211–14.) Specifically, the Appeals Council directed the ALJ, among other things, to "[e]valuate the [Department of Veteran's Affairs] Disability Rating, pursuant to the provisions of 20 C.F.R. 404.1527(f), and explain the weight given to such opinion evidence." (Tr. 211–14.) After another hearing on April 21, 2020, the ALJ issued an unfavorable decision dated May 5, 2020, again finding Plaintiff not disabled and denying Plaintiff's claim for benefits. (Tr. 12–26, 35–71.) Plaintiff requested review from the Appeals Council, which the Appeals Council denied. (Tr. 1–6.) Plaintiff then timely filed a Complaint with this court. (Dkt. 1.) The case is now ripe for review under 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3).

### B. Factual Background and the ALJ's Decision

Plaintiff, who was born in 1967, claimed disability beginning on December 31, 2015. (Tr. 152, 165, 549, 557, 599, 603.) Plaintiff has a college education and past relevant work experience in the United States Air Force and as a veterans benefits advisor. (Tr. 604.) Plaintiff alleged disability due to post-traumatic stress disorder, flat foot syndrome, bipolar/depression, neurosis (General Anxiety Disorder), bursitis, limited flexion of right and left thighs, tinnitus, intervertebral disc syndrome, paralysis of median nerve, and arthritis/lumbar sacral and cervical strains. (Tr. 603.)

In rendering the decision, the ALJ concluded that Plaintiff had not performed substantial gainful activity since December 31, 2015, the alleged onset date. (Tr. 18.) After conducting a hearing and reviewing the evidence of record, the ALJ determined

that Plaintiff had the following severe impairments: degenerative disc disease, obesity, post-traumatic stress disorder, depression, substance abuse, anxiety, and residuals of rotator cuff repair. (Tr. 18.) The ALJ further found Plaintiff had the following non-severe impairments: pes planus, female stress incontinence, gastroesophageal reflux disease, insomnia, and restless leg syndrome. (Tr. 18.) Notwithstanding the noted impairments, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 18–20.) The ALJ then concluded that Plaintiff retained a residual functional capacity ("RFC") to:

> perform light work as defined in 20 C.F.R. 404.1567(b), except the claimant [ ] is frequently able to reach overhead and reach with the left upper extremity and is frequently able to handle items or finger with the left hand and right hand. The claimant is occasionally able to climb ladders/ropes/scaffolds and is frequently able to climb ramps/stairs, stoop, kneel, crouch, or crawl. The claimant can work at unprotected heights and around moving mechanical parts and vibrations frequently[.] The claimant is able to perform simple, routine tasks constantly, to perform detailed and/or complex tasks occasionally (with an svp of 1-4), to interact with supervisors frequently, and to interact with co-workers and the public occasionally. The claimant is unable to do fast-paced or strict quota-based work, and is able to maintain attention/concentration/pace for two-hour increments throughout an eight-hour day, with normal breaks.

(Tr. 20–24.) In formulating Plaintiff's RFC, the ALJ considered Plaintiff's subjective complaints and determined that, although the evidence established the presence of underlying impairments that reasonably could be expected to produce the symptoms alleged, Plaintiff's statements as to the intensity, persistence, and limiting effects of her

symptoms were not entirely consistent with the medical evidence and other evidence in the record. (Tr. 21.)

Considering Plaintiff's noted impairments and the assessment of a vocational expert ("VE"), the ALJ determined that Plaintiff could not perform her past relevant work. (Tr. 24.) Given Plaintiff's background and RFC, the VE testified that Plaintiff could perform other jobs existing in significant numbers in the national economy, such as a center supply worker, an order filler, and unit clerk. (Tr. 25.) Accordingly, based on Plaintiff's age, education, work experience, RFC, and the testimony of the VE, the ALJ found Plaintiff not disabled. (Tr. 26.)

## APPLICABLE STANDARDS

To be entitled to benefits, a claimant must be disabled, meaning that the claimant must be unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A "physical or mental impairment" is an impairment that results from anatomical, physiological, or psychological abnormalities that are demonstrable by medically acceptable clinical and laboratory diagnostic techniques. 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D).

The Social Security Administration ("SSA"), in order to regularize the adjudicative process, promulgated detailed regulations. These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled. 20

C.F.R. § 404.1520. If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary. 20 C.F.R. § 404.1520(a)(4). Under this process, the ALJ must determine, in sequence, the following: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment, i.e., one that significantly limits the ability to perform work-related functions; (3) whether the severe impairment meets or equals the medical criteria of 20 C.F.R. Part 404, Subpart P, Appendix 1; and, (4) whether the claimant can perform his or her past relevant work. If the claimant cannot perform the tasks required of his or her prior work, step five of the evaluation requires the ALJ to decide if the claimant can do other work in the national economy in view of the claimant's age, education, and work experience. 20 C.F.R. § 404.1520(a). A claimant is entitled to benefits only if unable to perform other work. *Bowen v. Yuckert*, 482 U.S. 137, 140–42 (1987).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal standards. *See* 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)); *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996). While the court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994).

In reviewing the Commissioner's decision, the court may not decide the facts anew, re-weigh the evidence, or substitute its own judgment for that of the ALJ, even if it finds that the evidence preponderates against the ALJ's decision. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). Significant here, the Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that he or she has conducted the proper legal analysis, mandates reversal. *Keeton*, 21 F.3d at 1066. The scope of review is thus limited to determining whether the findings of the Commissioner are supported by substantial evidence and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002).

## ANALYSIS

Plaintiff challenges the ALJ's decision on the following grounds: (1) whether the ALJ adequately evaluated Plaintiff's 100% disability rating from the Department of Veteran's Affairs ("VA") and (2) whether the ALJ's RFC assessment adequately accounts for Plaintiff's mental impairments. (Dkt. 17 at 1.) For the reasons that follow, the undersigned finds that the ALJ erred by failing to properly evaluate Plaintiff's VA rating. As the undersigned concludes that the ALJ's decision must be reversed and remanded due to the error in evaluating Plaintiff's VA rating, and because the ALJ's further consideration of the evidence on remand may have an impact on the subsequent steps of the sequential analysis, the remaining issues are not addressed herein. *See, e.g.*, *Jackson v. Bowen*, 801 F.2d 1291, 1294 n.2 (11th Cir. 1986) (per curiam)

(declining to address certain issues because they were likely to be reconsidered on remand).

Plaintiff argues that the ALJ erred by failing to "offer an adequate justification for giving little weight to Plaintiff's VA disability rating." (Dkt. 17 at 11.) Specifically, Plaintiff contends that "[n]either of the ALJ's reasons for giving little weight to Plaintiff's VA disability rating are supported by substantial evidence." (*Id.* at 14.) In response, the Commissioner argues that the ALJ properly discussed the VA's disability rating and gave sufficient reasons for assigning it little weight. (Dkt. 18 at 5–7.)

The applicable regulation, 20 C.F.R. § 404.1504 (2016), specifically provides:

> A decision by any nongovernmental agency or any other governmental agency about whether you are disabled or blind is based on its rules and is not our decision about whether you are disabled or blind. We must make a disability or blindness determination based on social security law. Therefore, a determination made by another agency that you are disabled or blind is not binding on us.

*Id.* Thus, a decision by the VA concerning a claimant's disability is not binding on the Commissioner. *Id.*

Although other governmental agency determinations of disability are not binding on the Commissioner, Social Security Ruling ("SSR") 06–03p nonetheless provides:

> [W]e are required to evaluate all the evidence in the case record that may have a bearing on our determination or decision of disability, including decisions by other governmental . . . agencies. Therefore, evidence of a disability decision by another governmental . . . agency cannot be ignored and must be considered. . . . [T]he

> adjudicator should explain the consideration given to these decisions in the notice of decision for hearing cases.

SSR 06–03p, 2006 WL 2329939, at *6–7 (Aug. 9, 2015). Accordingly, SSR 06–03p requires the Commissioner to evaluate decisions by other governmental agencies and specifies that the ALJ should explain the consideration given to those decisions.

In *Noble v. Comm'r of Soc. Sec.*, 963 F.3d 1317, 1325 (11th Cir. 2020), the Eleventh Circuit clarified its precedent "addressing the role that a disability determination from another agency should play in the Commissioner's decision whether to award Social Security benefits." In doing so, the Eleventh Circuit acknowledged its prior decisions indicating that an ALJ properly considers a disability rating from the VA when the ALJ accords the rating "great weight." *Id.* at 1327–28 (discussing *Brady v. Heckler*, 724 F.2d 914, 921 (11th Cir. 1984) and *Rodriguez v. Schweiker*, 640 F.2d 682 (5th Cir. 1981)). The Eleventh Circuit explained, however, that the "great weight" standard does not require the ALJ to follow the VA's decision or give it controlling weight; rather, the "great weight" standard means that the ALJ is required "to discuss another agency's decision finding the claimant disabled." *Id.*

Thus, under *Noble*, a court must consider two factors in determining whether the ALJ properly considered another agency's decision: First, "the court must ask whether the ALJ's decision shows that she considered the other agency's decision." 963 F.3d at 1330. If the ALJ's decision does not discuss the VA's disability rating, the case must be remanded for reconsideration. *Id.* (citing *DePaepe v. Richardson*, 464 F.2d 92, 101 (5th Cir. 1972)). Second, if the ALJ discussed the other agency's decision, the

court must consider whether substantial evidence in the record supports the ALJ's decision to depart from the other agency's decision. *Id.* If there is substantial evidence in the record that supports the ALJ's decision, the ALJ's decision must be upheld. *Id.* (citing *Skeels v. Richardson*, 453 F.2d 882, 883 (5th Cir. 1972)).

Upon review, the Eleventh Circuit concluded that the ALJ in *Noble* fully considered the VA's decision and the ALJ's decision was supported by substantial evidence. *Id.* In making this finding, the Court determined that the ALJ "fully considered" the VA's disability rating but gave it "little weight" because it was inconsistent with the objective medical evidence and the other opinion evidence in the record. *Id.* at 1323, 1330.

The Eleventh Circuit also addressed its prior decision in *Brown-Gaudet-Evans v. Comm'r of Soc. Sec.*, 673 F. App'x 902, 904 (11th Cir. 2016). *See Noble*, 963 F.3d at 1330–31. In *Brown-Gaudet-Evans*, the ALJ gave little weight to the VA's decision concerning the claimant's disability because the VA applied a different standard to determine whether the claimant was entitled to disability benefits. The Eleventh Circuit explained in *Brown-Gaudet-Evans* that the ALJ was required to give "specific reasons" for discounting the VA's decision and concluded that the ALJ erred. *Id.* However, the Eleventh Circuit in *Noble* distinguished *Brown-Gaudet-Evans* noting that the ALJ in *Noble* fully "explained that the VA's decision was contradicted by more recent objective medical evidence in the record." *Id.*

In the present case, the ALJ did not have the benefit of the Eleventh Circuit's decision in *Noble* at the time the decision was entered. Here, the ALJ's discussion of the VA's disability rating is as follows:

> The VA found the claimant had a 100% disability rating, due to PTSD, intervertebral disc syndrome, and lumbosacral or cervical strain (see Exhibit 8F, page 36). The undersigned gives little weight to the VA rating, since the standard of disability for the VA differs from SSA agency standards, and because it is inconsistent with the DDS findings.

(Tr. 23–24.)

The evidence in the record at Exhibit 8F includes treatment notes from the James A. Haley Veterans' Hospital, dated through April 21, 2017, which reflect that the VA rated Plaintiff at 100% for military-service-connected disabilities. (Tr. 787–1238.) That rating is comprised of the following disability percentages: post-traumatic stress disorder (30%), bursitis (10%), hiatal hernia (10%), intervertebral disc syndrome (20%), limited flexion of thighs (20%), foot conditions (20%), varicose veins (20%), lumbosacral or cervical strain (20%), paralysis of median nerve (10%), tinnitus (10%), flat foot condition (10%), removal of uterus (30%), limited motion of the jaw (10%), and degenerative arthritis (10%). (Tr. 807, 940, 1019, 1080–81, 1165, 1170, 1188, 1213.)

In addition to the VA's disability ratings, the record also includes a Rating Decision dated October 7, 2019, from the VA, which sets forth the following additional disability percentage findings:

> 1. Evaluation of left shoulder strain, which is currently 10 percent disabling, is increased to 20 percent effective July 1, 2019.
>
> 2. Evaluation of right shoulder strain, which is currently 10 percent disabling, is increased to 20 percent effective July 1, 2019.
>
> . . .
>
> 4. Evaluation of cervical strain and degenerative joint disease, which is currently 20 percent disabling, is continued.
>
> 5. Evaluation of lumbar spine degenerative joint and disc disease, thoracolumbar spine strain, intervertebral disc syndrome, which is currently 20 percent disabling is continued.

(Tr. 92–93.) The Rating Decision further indicates that the evidence the VA relied upon in determining these percentages included VA hospital medical records through October 2019, VA examination reports received October 2019, a prior Rating Decision dated June 2019, and a "Proposal notification letter" dated June 2019. (Tr. 593.) The record also includes a letter from the VA informing Plaintiff of these new percentages and informing Plaintiff that her Combined Rating Evaluation is 100% disabled as of July 1, 2019. (Tr. 582-91.)

The ALJ did not discuss the October 2019 Rating Decision or the VA's letter in the decision. Rather, the ALJ appears to only have considered the disability percentages in Plaintiff's medical record. Thus, the ALJ's decision does not demonstrate that the ALJ properly considered the VA's decision. *See Noble*, 963 F.3d at 1330.

Additionally, in discounting Plaintiff's 100% disability rating, the ALJ stated that she "gives little weight to the VA rating, since the standard of disability for the VA differs from SSA agency standards, and because it is inconsistent with the [disability determination service "DDS"] findings."  (Tr. 23–24.)  However, the DDS findings were made in December 2016, almost three years prior to the October 2019 Rating Decision, and before the latest "disability ratings" found in the VA hospital records.  The ALJ's conclusory statement that the VA rating "is inconsistent with the DDS findings" does not provide an adequate basis for this court's review.

The ALJ referred to and discussed the medical records from the VA in her decision.  As courts in the Middle District have previously found, "[t]hat discussion, however, does not substitute for consideration of the rating decision itself." *Salamina v. Colvin*, No. 8:12-cv-1985-T-23TGW, 2013 WL 2352204, at *4 (M.D. Fla. May 29, 2013); *see also Gonz v. Comm'r of Soc. Sec.*, No. 6:12-cv-614-ORL-GJK, 2013 WL 4494313, at *3 (M.D. Fla. Aug. 20, 2013) (remanding ALJ's decision where "the ALJ mentions the VA's disability rating and decision only in passing, cites to the regulations stating that such decisions are not binding, and does not engage in any meaningful evaluation of the VA's decision").  The ALJ's decision here does not show that the ALJ adequately considered the VA's rating decisions.  As the ALJ's decision fails to adequately explain the basis for rejecting the VA's ratings, the court declines to reconstruct the decision to support the ALJ's determination—the court must "examine the administrative decision as delivered." *Jones v. Berryhill*, No. cv 118-010, 2019 WL 922255, at *6 (S.D. Ga. Jan. 28, 2019); *see Bloodsworth*, 703 F.2d at 1239 ("We may

not decide the facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner.]").

The ALJ did not adequately address Plaintiff's VA ratings in accordance with current Eleventh Circuit case law. Thus, the undersigned cannot conclude that the Commissioner's decision is supported by substantial evidence and based on proper legal standards. Under *Noble*, the ALJ's decision does not adequately discuss the 100% disability ratings Plaintiff received from the VA and the case must be remanded for further consideration.

## CONCLUSION

Accordingly, after due consideration and for the foregoing reasons, it is

**ORDERED**:

1. The decision of the Commissioner is **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this order.

2. The Clerk of Court is directed to enter final judgment consistent with this order and close the case.

**DONE** and **ORDERED** in Tampa, Florida, on February 22, 2022.

JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record